# UNITED STATES DISTRICT COURT

**DISTRICT OF CONNECTICUT (Bridgeport Division)**

**STEPHEN WARREN WEISS,**
27H Putnam Green
Greenwich, CT 06830
Tel: (914) 260-8610
Email: stephenwarrenweiss@gmail.com,

Plaintiff,
v.

**ANTHEM BLUE CROSS AND BLUE SHIELD**

and

**BANK OF AMERICA CORPORATION**

Defendants.

_____

Civil Action No. _____

## COMPLAINT FOR WRONGFUL DENIAL OF BENEFITS, BREACH OF FIDUCIARY DUTY, AND FAILURE TO PRODUCE PLAN DOCUMENTS UNDER ERISA

**Plaintiff Stephen Warren Weiss**, appearing *pro se*, brings this action against Defendants Anthem Blue Cross and Blue Shield ("Anthem") and Bank of America Corporation ("BofA") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331 as action arises under ERISA.
2. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because the Plaintiff resides in Greenwich, Connecticut, benefits under the plan were to be received by the resident herein, and relevant acts and omissions by the Defendant occurred within this District.

## II. PARTIES

3. Plaintiff Stephen Warren Weiss is an individual residing in Greenwich, Connecticut.
4. Defendant Anthem Blue Cross and Blue Shield ("Anthem") is the claims administrator and insurer responsible for reviewing and deciding claims under the Bank of America employee health plan.
5. Defendant Bank of America Corporation ("BofA") is the plan sponsor and fiduciary of the employee health and welfare benefit plan governed by ERISA.

## III. FACTUAL BACKGROUND

6. Plaintiff was a BofA employee for approximately sixteen (16) years until he was part of a corporate downsizing in 1Q21. He primarily worked at 1 Bryant Park, New York, NY.
7. On October 3, 2022, Plaintiff was involved in a serious road bike accident near the New York–Connecticut border. He was hospitalized in the intensive care unit at Stamford Hospital for several days after being transported there by ambulance.
8. As a result of the accident, Plaintiff suffered a concussion, spinal cord/disc issues, significant facial laceration repairs requiring plastic surgery, as well as dental trauma, including the loss of approximately six (6) permanent teeth.
9. At the time of the accident, Plaintiff was covered under the BofA group health plan administered by Anthem, initially through COBRA (Member ID #FJB23685181M; Group #174549M421). Starting in May 2023, Plaintiff's coverage was under the BofA retiree plan (current Member ID #OBX717W16282; Group #174608M4BT).
10. In the immediate aftermath of the hospitalization, Anthem representatives assured Plaintiff that accident-related dental reconstruction would be covered, without regard to deductible and out-of-network considerations, under the medical policy once separate dental benefits were exhausted under Plaintiff's dental plan.
11. While pre-authorization would not be required, this was proactively sought by Plaintiff at every juncture.
12. Despite these assurances, Anthem subsequently denied claims for the medically necessary implant and restoration oral work based on a purported 180-day limitation in which this work needed to be completed.

13. No such provision appears in the applicable Summary Plan Descriptions (SPDs), as confirmed by the Connecticut Office of the Healthcare Advocate in writing on May 22, 2025.
14. Even if such a limitation existed, completing medically necessary implant and reconstruction procedures within 180 days was impossible per treating specialists due to the required grafting and healing process. Anyone who has undergone implant/teeth replacement can attest that this simply defies science for a successful outcome.
15. Multiple providers, including Dr. Robert Yudell (Oral Surgeon) and Prosthodontics of New York (PNY), submitted documentation explaining that the medically necessary implant process could not safely and successfully occur within that timeframe.
16. Anthem representatives themselves (many of whom had firsthand knowledge of the implant process, including Markus Bowman) acknowledged on recorded phone calls that the 180-day requirement "did not seem right," but internal efforts to overrule the denial were abruptly rejected.
17. Plaintiff completed all required internal appeals, including Appeal APP-COMM-3551162. This appeal was finally accepted by Anthem in May 2024 after repeated attempts to submit the associated materials as early as November 2023. This approximate six (6) month delay was due to an agonizing Anthem circular rejection feedback loop which ignored prior paperwork submissions.
18. Notably, this appeal remained in Anthem review purgatory/neglect for nearly half a year—in direct violation of Anthem's own policy manual which requires a response within 60 days of submission.
19. After failing to respond to numerous requests for an updated status inquiry given the lack of a response within the 60-day promised time frame, Appeal APP-COMM-3551162 was ultimately denied on November 4, 2024. Such denial was first communicated to Plaintiff by Robin Wilson (point person on the Anthem Solution Resolution Team) on November 13, 2024 via email.
20. Plaintiff then requested an independent external review in writing on approximately January 10, 2025, supplying complete medical records, billing documentation, and all requested provider letters. Anthem denied access to the external review, despite earlier representations that this was available.
21. On February 20, 2025, Plaintiff wrote directly to Susan Kelly, a primary representative of BofA's benefits administration team, at the recommendation of the Employee Benefits Security Administration (EBSA).
22. In his letter, Plaintiff described the history of Anthem's denials, the scientific impossibility of completing the required oral surgery and implant process within 180 days, and the severe financial hardship caused by the ongoing denial of benefits. Plaintiff also supplied documentation from his treating specialists and billing records, as well as copies of Anthem's prior denials.
23. Despite this good-faith outreach to the Plan Administrator, Plaintiff never received a response from BofA or its representatives.
24. Plaintiff then repeatedly requested, beginning April 22, 2025, copies of all documents (including the complete medical policy), records, internal notes, and communications used in Anthem's claim determination, as required by ERISA §104(b)(4).

25. Within the ensuing month, Anthem only provided another version of the SPD and a sparse accompanying packet of roughly ten (10) pages, most of which were duplicates of irrelevant plan documents already in Plaintiff's possession.
26. Plaintiff then followed up multiple times with Anthem representatives, including Shannon Simpson (dedicated Bank of America manager) on June 3, 2025, indicating that Anthem was deemed deficient in providing the actual claim and review materials needed, and this was expected to be rectified immediately.
27. On June 17, 2025 Ms. Simpson indicated that she had escalated the matter and was waiting to hear back from the Anthem privacy team, acknowledging the absolute need to comply within mandated legal timeframes.
28. This was the last the Plaintiff heard from Anthem regarding the matter and Plaintiff never received the complete ERISA file to which he was entitled.
29. To date, Anthem has not revealed where the specific 180-day provision exists that requires Plaintiff's oral surgery/dental work to be completed to be covered, notwithstanding various doctor/specialist letters stating that this timetable was impossible to meet due to the very nature of the implant process.
30. The failure to produce the complete record within 30 days constitutes a violation of ERISA §502(c)(1), which provides for penalties of up to $110 per day.
31. As a direct result of Anthem's conduct, Plaintiff incurred approximately $45,000 in out-of-pocket expenses for medically necessary post-accident dental and implant reconstruction care.

## IV. CLAIMS FOR RELIEF

*Count I – Wrongful Denial of Benefits*

(ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B))

32. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
33. Defendants wrongfully denied benefits due under the plan by refusing to cover medically necessary dental and reconstructive care following Plaintiff's October 2022 accident.
34. The denial was arbitrary and capricious, unsupported by the plan language, and inconsistent with medical evidence.

*Count II – Breach of Fiduciary Duty*

(ERISA §502(a)(3), 29 U.S.C. §1132(a)(3))

35. Defendants, as plan fiduciaries, breached their duties of loyalty and prudence by:
    a. Misrepresenting the scope of coverage for accident-related treatment;
    b. Failing to provide accurate plan information;
    c. Failing to act solely in the interest of the participant; and
    d. Engaging in inconsistent and bad faith claims handling practices.

### Count III – Failure to Produce Plan and Claim Documents

(ERISA §502(c)(1), 29 U.S.C. §1132(c)(1))

36. Defendants failed to produce, within 30 days of Plaintiff's written request, the documents and information required by ERISA §104(b)(4).
37. As a result of this breach, Plaintiff is entitled to statutory penalties of up to $110 per day for each day of noncompliance, along with attorney's fees, costs, and equitable relief as the Court deems just.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Order Defendants to pay Plaintiff all benefits due under the plan, including reimbursement of approximately $45,000 in out-of-pocket expenses;
2. Impose statutory penalties under 29 U.S.C. §1132(c)(1) of up to $110 per day for each day of noncompliance;
3. Award prejudgment interest, attorney's fees, and costs pursuant to 29 U.S.C. §1132(g)(1);
4. Grant equitable relief, including plan clarification or reformation; and
5. Grant such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff requests a trial by the Court as ERISA claims are generally tried to the bench, not a jury.

**Respectfully submitted this** 28 **day of** October **, 2025.**

*/s/ Stephen Warren Weiss*

**Stephen Warren Weiss, Pro Se**
27H Putnam Green
Greenwich, CT 06830
Tel: (914) 260-8610
Email: stephenwarrenweiss@gmail.com

**To:**

**Anthem Blue Cross and Blue Shield**
c/o CT Corporation System, Registered Agent
67 Burnside Avenue
East Hartford, CT 06108

**Anthem Blue Cross and Blue Shield**
220 Virginia Avenue
Indianapolis, IN 46204

**Anthem Blue Cross and Blue Shield**
Grievances and Appeals Department
P.O. Box 105568
Atlanta, GA 30348

**Anthem Blue Cross and Blue Shield**
Member Experience THC office
700 Broadway
Denver, CO 80203

**Bank of America Corporation**
c/o CT Corporation System, Registered Agent
67 Burnside Avenue
East Hartford, CT 06108

**Bank of America Corporation**
100 North Tryon Street
Charlotte, NC 28255

**Bank of America Corporation**
c/o Corporation Service Company, Registered Agent
2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

Service shall be effected in accordance with Fed. R. Civ. P. 4.